**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge R. Brooke Jackson**

Civil Action No. 25-cv-03530-RBJ

ACA INTERNATIONAL and
FRESNO CREDIT BUREAU,

Plaintiffs,

v.

MARTHA FULFORD, in her official capacity, and
PHILIP WEISER, in his official capacity,

Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' Motion to Dismiss in Part the Second Amended Complaint ("Motion") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 38.[1] For the following reasons, the Motion is **GRANTED in part**.

## BACKGROUND

In 2023, the Colorado General Assembly passed H.B. 23-1126, which amended the Colorado Consumer Credit Reporting Act ("CCRA") and the FDCPA. Colo. Rev. Stat. §§ 5-18-103, -109; 5-16-105, -107 (2026). The bill amended the CCRA to prohibit, with one exception not relevant here, a consumer reporting agency ("CRA") from making a

[1] It is not clear to the Court, even after reading the parties' full briefing, what the "in part" motion does not address, i.e., what claim or claims in the operative complaint Defendants do not seek to dismiss. The parties do not address to what extent the preemption claim applies to the challenged sections of the Colorado Fair Debt Collection Practices Act ("FDCPA").

report that contained "[a]ny adverse item of information that the [CRA] knows or should know concerns medical debt" ("Reporting Law"). § 5-18-109(1)(f)(I). The bill also changed the FDCPA to include debt collectors representing that medical debt will be included in a consumer report or factored into a consumer's credit score as an illegal "false, deceptive, or misleading representation" ("Misrepresentation Law"). § 5-16-107(1)(r)(I). And the bill amended the FDCPA to require debt collectors to include a disclosure in their initial written communication to consumers that "Colorado law prohibits credit bureaus from reporting medical debt or factoring medical debt into a credit score" ("Disclosure Law"). § 5-16-105(3)(e)(I).

ACA International, the largest trade group for the debt collection industry, and Fresno Credit Bureau, a collection agency with active health care accounts in Colorado (collectively, "Plaintiffs"), filed suit on November 5, 2025, to challenge the validity of the CCRA and FDCPA amendments. ECF No. 28 at 7, 10; ECF No. 1. Plaintiffs sued Martha Fulford, the current Administrator of the Uniform Commercial Credit Code ("Administrator"), and Philip Weiser, the current Attorney General of the State of Colorado ("Attorney General") (collectively, "Defendants"), in their official capacities.

Plaintiffs amended their complaint on January 9, 2026, ECF No. 15, and again on April 23, 2026, ECF No. 28. Plaintiffs argue that the amendments to the CCRA and FDCPA are (1) preempted by federal law and (2) violate the First Amendment of the United States Constitution; and they ask this Court to enjoin Defendants from enforcing them. ECF No. 28 at 47. On July 8, 2026, Defendants moved to dismiss the operative complaint for both claims against the CCRA under Rule 12(b)(1) and the First Amendment claim against the FDCPA under Rule 12(b)(6). ECF No. 38 at 2.

## LEGAL STANDARDS

### I. Subject Matter Jurisdiction

A motion made pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction. A party may make either a facial or factual challenge to a plaintiff's assertion of subject matter jurisdiction. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). A facial challenge questions the sufficiency of the complaint, and a factual challenge goes beyond the allegations in the complaint and questions the facts upon which subject matter jurisdiction depends. *Id.* For a facial challenge, the court accepts the plaintiff's allegations of material facts as true and construes the complaint in their favor, *id.*, and the party invoking jurisdiction bears the burden of proof, *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). A dismissal for lack of jurisdiction is not a judgment on the merits and is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Under the Eleventh Amendment, states have sovereign immunity from suits brought in federal court by their own citizens and citizens of other states. *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 827 (10th Cir. 2007); *see* U.S. Const. amend. XI. This immunity extends to officials sued in their official capacities because they are "an arm of the State." *Mt. Healthy City Sch. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977).

However, *Ex parte Young*, 209 U.S. 123, 159–60 (1908), "permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Prairie*, 476 F.3d at 828. State officials sued pursuant to this exception to sovereign immunity "need not be identified in the challenged statute itself," *Peterson v. Martinez*,

707 F.3d 1197, 1207 (10th Cir. 2013), but they "must have 'some connection' to the enforcement of the allegedly defective act," *Prairie*, 476 F.3d at 828 (citation omitted). There is sufficient connection for an *Ex parte Young* suit when the state official has (1) "a particular duty to enforce the statute in question" and (2) "a demonstrated willingness to exercise that duty." *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (internal quotations and citation omitted).

## II. Failure to State a Claim

A motion to dismiss may also be brought under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." To survive such a motion, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). And a claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ultimately, the Court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

In reviewing a 12(b)(6) motion, the Court accepts all well-pleaded factual allegations in the complaint as true and viewed in the light most favorable to the nonmoving party. *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002).

## DISCUSSION

Defendants move to dismiss Plaintiffs' complaint in two parts. First, they argue that the Court does not have subject matter jurisdiction over both the federal preemption and First Amendment claims challenging the CCRA because (1) Defendants do not fit

into the *Ex parte Young* exception to state sovereign immunity and (2) Plaintiffs lack standing to bring the claims. ECF No. 38 at 2. Second, Defendants move to dismiss the First Amendment contention against the FDCPA for failure to state a plausible claim for relief, arguing that (1) the Misrepresentation Law only prohibits unprotected false or misleading speech and (2) the Disclosure Law is permissible compelled commercial speech. *Id.* at 3. Because the Court agrees that Plaintiffs' claims against the CCRA do not fall within the *Ex parte Young* exception to state sovereign immunity, it lacks subject matter jurisdiction on both claims challenging the CCRA and dismisses them. The Court also dismisses the First Amendment contention challenging the Misrepresentation Law for failure to state a claim but denies dismissal of the First Amendment claim with respect to the Disclosure Law.

## I. Sovereign Immunity

Defendants raise a facial challenge to Plaintiffs' assertion of subject matter jurisdiction for their claims against the CCRA as barred by the Eleventh Amendment. *Id.* Defendants assert that the claims do not fall under the *Ex parte Young* exception to state sovereign immunity because they lack (1) a particular duty and (2) a demonstrated willingness to enforce the law. *Id.* at 3–9. The Court agrees.

### A. Duty to Enforce

The CCRA states that a consumer "may bring an action to enforce any obligation a [CRA] has to a consumer . . . under this article 18 in any court of competent jurisdiction as provided by the federal 'Fair Credit Reporting Act,' 15 U.S.C. sec. 1681 et seq., as amended ("FCRA")." Colo. Rev. Stat. § 5-18-116(1) (2026). Since the Reporting Law is part of the CCRA and located in article 18, it is thus enforced by this statutorily created private right of action, and Defendants do not have a duty to enforce it. *See Free Speech*

*Coal., Inc. v. Anderson*, 119 F.4th 732, 739 (10th Cir. 2024) (finding Attorney General had no duty to enforce statute with private right of action because they lacked "any power to direct the actions of private actors or prevent them from seeking enforcement of the Act.").

Acknowledging this statutory language, Plaintiffs advance a variety of theories by which they argue that Defendants do in fact have a duty to enforce the Reporting Law. The Court is unpersuaded.

Regarding the Administrator, Plaintiffs argue that she "gives life" to the Reporting Law through her enforcement of the FDCPA which is "interdependent" with the CCRA. ECF No. 40 at 6. True, the Administrator enforces the FDCPA, but her enforcement is limited to "[c]ompliance with this [A]rticle 16," Colo. Rev. Stat. § 5-16-114 (2026), and the General Assembly placed the CCRA in Article 18, *see generally* Colo. Rev. Stat. § 5-18-101 (2026);[2] *see also Pro. Background Screening Ass'n v. Weiser*, No. 25-CV-00295-PAB-CYC, 2026 WL 787585, at *5 (D. Colo. Mar. 20, 2026) (rejecting argument that the Administrator has a duty to enforce the CCRA through enforcement of other Articles of Title 5).

The mere fact that portions of the FDCPA concern the same subject as parts of the CCRA—medical debt—is not enough for the Administrator to have a particular duty to enforce the Reporting Law. *See Free Speech*, 119 F.4th at 737 (finding the defendant "neither enforces nor gives effect" to a challenged statute when the statute does not explicitly refer to or require the defendant's involvement in related regulation). Indeed,

---

[2] If anything, the statutory authorization for enforcement of the FDCPA supports Defendants' read of the CCRA as narrowly enforced through a private right of action. *Compare* Colo. Rev. Stat. § 5-16-113(1), (5) (2026) (creating private right of action for enforcement "[i]n addition to administrative enforcement") *with* § 5-18-116(1) (delineating only a private right).

while the CCRA's directives about medical debt concern the *reporting* of such debt, consistent with the functions of the respective statutes, the FDCPA's regulation of medical debt relates to *collection practices*.[3] By regulating how debt collectors communicate with consumers, the Administrator does not enforce the CCRA's requirements of what information CRAs may report. Put simply, if a CRA openly reported a consumer's medical debt in violation of the CCRA, Defendants could not use the FDCPA to stop it.

The Reporting Law also does not "depend on" the Misrepresentation or Disclosure Laws because it makes it illegal for CRAs to report medical debt irrespective of how debt collectors operate. *See Free Speech*, 119 F.4th at 737 (holding that if the separate defendant enforced program did not exist, compliance with the challenged statute "would still be possible"). And it certainly is not the case that through regulating debt collectors "the Administrator encourages consumers to punish reporting of medical debt information," as Plaintiffs claim. ECF No. 40 at 6.

Turning to the Attorney General, Plaintiffs argue that he has a duty to enforce the Reporting Law through the Colorado Consumer Protection Act ("CCPA"), which authorizes him to bring actions against a person engaging in an "unfair or deceptive trade practice." *See* Colo. Rev. Stat §§ 6-1-103, -105(1), -110(1), -112(1) (2026); ECF No. 40 at 8. Perhaps recognizing the speculative nature of this argument—Plaintiffs provide no examples of the Attorney General actually using his CCPA powers to enforce the CCRA,

---

[3] Plaintiffs attempt to blur the line between the two statutes by directing the Court to the FDCPA's prohibition of debt collectors publishing lists of consumers who allegedly refuse to pay debts. Colo. Rev. Stat. § 5-16-106(1)(c) (2026). But this provision is concerned with preventing "[h]arassment or abuse" by debt collectors, not regulating the type of debt CRAs may report. *Id.* And in any event, refusing to pay debts is not the same as having unpaid medical debt. *See* § 5-18-109.

let alone the Reporting Law—Plaintiffs state, "[i]t is therefore plausible that the Attorney General may bring a CCPA action against a CRA that continues reporting medical debt contrary to the CCRA." ECF No. 40 at 8.

But to state the obvious, this mere possibility of enforcement is not the same as a duty to enforce. *See California Mortg. Ass'n v. Bonta*, No. 2:25-CV-02614-DAD-CKD, 2026 WL 1601601, at *8 (E.D. Cal. June 4, 2026) (holding that even though the attorney general "could conceivably pursue civil liability for violations" of the challenged statute through the general authority to prohibit unfair business practices, there was no particular duty to enforce for an *Ex parte Young* exception). Likewise, Plaintiffs' speculation that the Attorney General could enforce the Reporting Law through the FCRA is not enough to establish a particular duty to enforce it.[4] ECF No. 40 at 9; *see Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 739 (10th Cir. 2024) ("*Ex parte Young* requires something 'more than a mere general duty to enforce the law.'" (citation omitted)); *Lawrence v. Garland*, No. 1:23-CV-02199-DDD-KAS, 2024 WL 3022906, at *4 (D. Colo. Jan. 17, 2024), *aff'd*, No. 24-1039, 2024 WL 2991900 (10th Cir. June 14, 2024) ("[E]ven if Attorney General Weiser had some potential, concurrent authority here, that is insufficient to

[4] Even if these external enforcement provisions were specific to the CCRA, they give discretionary authority to the Attorney General, not a duty to enforce. *See* § 6-1-112(1) ("The attorney general . . . *may* bring a civil action." (emphasis added)); 15 U.S.C.A. § 1681s(c)(1)(A) ("[T]he State . . . *may* bring an action to enjoin such violation." (emphasis added)); *see also Pro. Background Screening Ass'n v. Weiser*, No. 25-CV-00295-PAB-CYC, 2026 WL 787585, at *4 n.4 (D. Colo. Mar. 20, 2026) (finding general discretionary statute insufficient to establish duty to enforce CCRA); *Mi Familia Vota v. Ogg*, 105 F.4th 313, 327 (5th Cir. 2024) ("Discretionary authority to act, on its own, is insufficient to give rise to a particular duty to act."). The same is also true for the Administrator and the FDCPA. *See* § 5-16-127(10)(a) ("[T]he administrator *may* . . . deny, revoke, or suspend the license of the licensee." (emphasis added)).

invoke *Ex [p]arte Young*, which requires a 'particular duty' to enforce the relevant statute." (citation omitted)).

**B. Willingness to Enforce**

Though Plaintiffs' failure to establish Defendants' duty to enforce the Reporting Law is sufficient to dismiss their claims for lack of subject matter jurisdiction, they also do not meet their burden of showing that Defendants have a willingness to enforce the statute.

Plaintiffs admit that Defendants have not sought to enforce the Reporting Law in the three years the statute has been in effect but instead argue that there is still a "credible threat of enforcement" because Defendants have not disavowed any intention of invoking the various other statutes Plaintiffs discuss to enforce the Reporting Law. ECF No. 40 at 9. But this confuses the *Ex parte Young* analysis with our Article III standing inquiry.

Though the Tenth Circuit has said that "there is a common thread between Article III standing analysis and *Ex parte Young* analysis," *Cressman v. Thompson*, 719 F.3d 1139, 1146 (10th Cir. 2013), the two are distinct inquiries. As the Fifth Circuit has explained, "what is sufficient for standing will not necessarily establish an enforcement connection." *Mi Familia Vota v. Ogg*, 105 F.4th 313, 330 (5th Cir. 2024). And the only Tenth Circuit cases Plaintiffs cite in support of their argument on Defendants' willingness to enforce the Reporting Law for *Ex parte Young* purposes discuss standing. ECF No. 40 at 10.

Instead, to qualify for an *Ex parte Young* exception to state sovereign immunity, the defendant "must have taken some step to enforce the statute." *Mi Familia*, 105 F.4th at 329 (internal quotations and citation omitted). And for pre-enforcement actions, there must be at least "some scintilla of affirmative action by the state official." *Id.* (internal

quotations and citation omitted). Here, Plaintiffs point to no such affirmative action by Defendants to enforce the Reporting Law. Thus, it is not the case that Defendants "clearly . . . assisted or currently assist in giving effect to the [contested] law." *Free Speech Coal.*, 119 F.4th at 736 (alterations in original) (citation omitted); *see also Kitchen v. Herbert*, 755 F.3d 1193, 1204 (10th Cir. 2014) (considering the defendants' "actual exercise of supervisory power"); *First Baptist Church v. Kelly*, 457 F. Supp. 3d 1072, 1079 (D. Kan. 2020) (considering "evidence of any actual or threatened enforcement").[5]

Accordingly, the Court cannot find that Defendants have a demonstrated willingness to enforce the Reporting Law. Because the Court concludes that Plaintiffs' claims against the Reporting Law are barred by the Eleventh Amendment, it need not resolve the parties' dispute over whether Plaintiffs lack standing to bring the same claims.

**II. First Amendment Claim**

Defendants also move to dismiss Plaintiffs' First Amendment claim against the Misrepresentation and Disclosure Laws for failure to state a plausible claim for relief. The Court agrees in part.

As an initial matter, Plaintiffs assert that because "both [FDCPA] [p]rovisions are only constitutionally valid if the underlying ban is lawful and enforceable. . . . the First Amendment claims against the [provisions] cannot be resolved without first determining whether the underlying ban is lawful." ECF No. 40 at 13–14. However, Plaintiffs provide no legal authority to support this proposition. The Court disagrees. Unless and until this Court or another court has jurisdiction to address the merits of the Reporting Law, the

[5] Plaintiffs have asked the Court to take judicial notice of statements made by Attorney General Weiser during his campaign for Governor of Colorado. ECF No. 39. The Court addresses that request in a separate order.

Court cannot assume that it is invalid, or that accurate instructions to debt collectors based on that law must be invalidated. But as noted below, the Court is not satisfied that the Disclosure Law is accurate.

**A. The Misrepresentation Law**

Defendants claim that since it is false or misleading, the commercial speech that the Misrepresentation Law prohibits is not protected speech. ECF No. 38 at 13–14. Beyond their assertion that this argument is premature given their claims against the CCRA, Plaintiffs do not respond to this argument in their opposition to Defendants' motion. ECF No. 40 at 15.

The Court agrees with Defendants that Plaintiffs' complaint is not "legally sufficient to state a claim for which relief may be granted," *Utah Pol. Watch, Inc. v. Musselman*, 179 F.4th 1241, 1251 (10th Cir. 2026), because the speech they allege the Misrepresentation Law suppresses is not protected by the First Amendment, *see Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507 (1981) ("The First Amendment protects commercial speech only if that speech concerns lawful activity and is not misleading."). Given the current state of Colorado law, debt collectors representing to customers that medical debt will be included in their credit report or score is false and misleading and therefore unprotected by the First Amendment.

Thus, the Court grants Defendants' motion to dismiss with respect to the First Amendment claim against the Misrepresentation Law. *See Butler v. Bd. of Cnty. Comm'rs for San Miguel Cnty.*, 920 F.3d 651, 653 (10th Cir. 2019) (affirming grant of motion to dismiss on First Amendment claim because the plaintiff's speech was not constitutionally protected).

**B. The Disclosure Law**

Since the Disclosure Law "simply requires [debt collectors] accurately to disclose Colorado law," Defendants maintain that it is a compelled disclosure of commercial speech subject to deferential review, which it passes. ECF No. 38 at 10–11. While Plaintiffs agree with Defendants that purely factual and noncontroversial compelled commercial disclosures are permissible under *Zauderer v. Off. of Disciplinary Couns. of Supreme Ct. of Ohio*, 471 U.S. 626, 651 (1985), they respond that the speech compelled by the Disclosure Law is not accurate because it requires debt collectors to state that CRAs are prohibited from "reporting medical debt," while the Reporting Law only prohibits reporting "adverse" medical debt. ECF No. 40 at 15; *see* § 5-16-105(3)(e)(I); § 5-18-109(1)(f)(I).

The Court agrees that the Disclosure Law is not purely factual. The required disclosure statement that "Colorado law prohibits credit bureaus from reporting medical debt or factoring medical debt into a credit score," § 5-16-105(3)(e)(I), leaves out the Reporting Law's specification that only "adverse" medical debt cannot be reported, § 5-18-109(1)(f)(I). But as the Ninth Circuit has explained, "[i]nformation that is purely factual is necessarily 'factually accurate.'" *Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1276 (9th Cir. 2023) (citation omitted). And since a CRA could report non-adverse medical debt information, like timely payments on a plan, the Disclosure Law's omission of what the Reporting Law actually prohibits makes it factually inaccurate. The Disclosure Law is therefore not subject to the deferential standard Defendants claim.

Thus, because Defendants make no arguments that the Disclosure Law meets any other standards for compelled speech under the First Amendment, the Court finds that

Plaintiffs' have plausibly stated a claim upon which relief can be granted and denies dismissal of this claim.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss, Doc. 38, is **GRANTED in part**;

(2) Dismissal is **GRANTED** without prejudice in favor of Defendants and against Plaintiffs with respect to Plaintiffs' Claim I and II challenging the CCRA;

(3) Dismissal is **GRANTED** without prejudice in favor of Defendants and against Plaintiffs with respect to Claim II challenging the Misrepresentation Law in violation of the First Amendment.

(4) Dismissal is **DENIED** in favor of Plaintiffs and against Defendants with respect to Claim II challenging the Disclosure Law in violation of the First Amendment.

DATED: November 24, 2026

BY THE COURT:

R. Brooke Jackson
United States District Judge